UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GENWORTH LIFE INSURANCE
COMPANY,

      Plaintiff,

vs.                                  Case No.:  1:21-cv-20518-BB

CAITLIN CONLON, individually,
STEPHEN P. CONLON, individually, and
LAURA MIELE as Natural Guardian of
the minor child M.A.C.,

      Defendants.

_____

**GENWORTH LIFE INSURANCE COMPANY'S**
**AMENDED COMPLAINT FOR INTERPLEADER RELIEF**

COMES NOW Plaintiff GENWORTH LIFE INSURANCE COMPANY ("GLIC") and hereby files its amended claim for Interpleader Relief in this matter against the Defendants, CAITLIN CONLON, individually, STEPHEN P. CONLON, individually, and LAURA MIELE as Natural Guardian of the minor child M.A.C.[1] GLIC brings this claim for Interpleader Relief pursuant to Rule 22, Fed.R.Civ.P. and 28 U.S.C. § 1335 and respectfully states as follows:

**JURISDICTION AND VENUE**

1.     GLIC is a life insurance company organized and existing under the laws of the state of Virginia with its principal place of business in Richmond, Virginia. 28 U.S.C. § 1332(c)(1)("a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business").

---

[1] GLIC amends its Complaint, filed in this Court on February 5, 2021, to correct the entity name only.  All allegations and claims remain the same.

2.      Defendant CAITLIN CONLON, adult daughter of Stephen Conlon ("Decedent") is domiciled in and resident of Miami, Florida and is a citizen of the state of Florida.

3.      Defendant STEPHEN P. CONLON, adult son of Decedent, is domiciled in and a resident of Hallowell, Maine and is a citizen of the state of Maine.

4.      Defendant LAURA MIELE is the Natural Guardian of the minor child M.A.C., the minor daughter of Decedent.  M.A.C. is domiciled in and resident of Abington, Pennsylvania,  and is a citizen of the state of Pennsylvania.

5.       Jurisdiction in this Interpleader matter exists under both Rule 22, Fed.R.Civ.P. and 28 U.S.C. § 1335.

6.      Pursuant to Rule 22, Fed.R.Civ.P. the Plaintiff, GLIC, and the Defendants are residents and/or domiciled in different states and therefore there is complete diversity between the parties as required. Accordingly, there is the requisite diversity for bringing an Interpleader claim under Rule 22, Fed.R.Civ.P.

7.      Additionally, at least two of the claimants to the funds at issue are residents and/or domiciled in different states and therefore there is the requisite minimal diversity for bringing a Statutory Interpleader claim under 28 U.S.C. § 1335.

8.      GLIC issued to Decedent a term life insurance policy numbered 0000186679 ("the Policy") in the amount of $500,000.00. See Policy number 0000186679 attached hereto as **Exhibit A**.

9.      Pursuant to Rule 22, Fed.R.Civ.P. the stakeholder and the adverse potential claimant are of diverse citizenship as defined by 28 U.S.C. § 1332 and amount in controversy exceeds $75,000.00.

10.     Additionally, pursuant to 28 U.S.C. § 1335, at least two claimants to the funds at issue are residents of and/or domiciled in different states and the funds at issue meet the minimum required amount ($500) for bringing a claim under this statute.

11.     Venue is properly in this district pursuant to 28 U.S.C. § 11391(b)(3) as the Defendant Caitlin Conlon is domiciled in this state, district and division of Federal Court.

## FACTUAL BACKGROUND

12.     On or about March 15, 2006, Decedent applied for a term life insurance policy which was issued in the amount of $500,000 and dated May 2, 2006. See attached **Exhibit A**.

13.     At the time of issuance, the designated beneficiary was Decedent's then wife, Laura Miele-Conlon. See attached **Exhibit A**.

14.     Decedent submitted multiple Policy Change forms between September of 2006 and May of 2007 in which he attempted to change the beneficiary on the Policy.  However, GLIC rejected those Policy Change forms because they were filled out improperly.   See attached Composite **Exhibit B**.

15.     On August 8, 2008, Decedent submitted a Policy Change form requesting that the Policy beneficiary be changed to Stephen Patrick Conlon (25%); Caitlin Marie Conlon (25%) and M.A.C (50%).  See attached **Exhibit C**.

16.     In correspondence dated August 19, 2008, GLIC confirmed the requested beneficiary changes for the Policy.  See attached **Exhibit D**.

17.     On October 30, 2008, Decedent and Laura Miele-Conlon, parents of M.A.C. entered into a Dissolution of Marriage (Divorce) Judgment ("Divorce Judgment") in the Superior Court of the State of Connecticut.  See attached **Exhibit E**.

18.     A Stipulation between the parties was approved by the Court and incorporated into the Divorce Judgment.  On page 13 of the Stipulation, in paragraph 13, the Parties agreed to maintain life insurance for the benefit of their minor child, M.A.C.  Specifically, Decedent agreed to maintain life insurance in the amount of $250,000 for the benefit of M.A.C.  See attached **Exhibit F**.

19.     On November 19, 2019, Decedent submitted a Beneficiary designation request for life insurance policies form changing the beneficiary on the Policy to Caitlin M. Conlon (100%). See attached **Exhibit G**.

20.     GLIC acknowledged the change of beneficiary in correspondence dated November 20, 2019.  See attached **Exhibit H**.

21.     Decedent died on February 14, 2020.  See attached **Exhibit I**.

22.     On or about February 24, 2020, the agent of record notified GLIC that the change of beneficiary on the Policy was in violation of the Divorce Judgment and Stipulation entered into by Decedent and his former wife, Laura Miele.  Thereafter, Laura Miele, provided GLIC with the Divorce Judgment and Stipulation attached hereto as **Exhibits E** and **F**.

23.     Caitlyn Conlon submitted a Proof of Loss Claimant Statement on March 4, 2020. See attached **Exhibit J**.

24.     In correspondence dated March 9, 2020, GLIC contacted Caitlin Conlon and Stephen P. Conlon to request that they agree to the Policy beneficiary designation in effect prior to the Change of Beneficiary submitted by Decedent in August of 2019.  See attached **Exhibit K**.

25.     Neither Caitlin Conlon nor Stephen P. Conlon have agreed to honor the Policy beneficiary designation in effect prior to the Change of Beneficiary submitted by Decedent in August of 2019.

26.     Based on conflicting claims, for the proceeds under the Policy, GLIC is unable to determine the rightful beneficiary or beneficiaries of the Policy.

27.     GLIC claims no title to, or interest in, the proceeds payable under the Policy at issue and is ready and willing to pay the proceeds to the person, persons and/or entities entitled to it, but GLIC is unable to make a determination as to who is legally entitled to receive the Policy benefits at issue without exposing itself to double or multiple liability from Defendants Caitlin Conlon, Stephen P. Conlon and Laura Miele as natural guardian for the minor child M.A.C.

28.     GLIC is ready, willing and hereby offers to deposit immediately with this Court the value of the Policy in the amount of $500,000.00 plus any applicable accumulated interest.

29.     GLIC has no means other than this interpleader action to protect itself against prospective double or multiple liabilities for the claims made by Defendants Caitlin Conlon, Stephen P. Conlon and Laura Miele as natural guardian of the minor child M.A.C. to the proceeds payable under the Policy.

30.     GLIC specifically reserves its right to seek attorneys' fees and costs for bringing this interpleader action.

WHEREFORE, GLIC requests that the Court enter a judgment:

a.     Directing GLIC to deposit the value of Policy Number 0000186679 in the amount of $500,000.00, plus any applicable interest, into the Court's registry;

b.     Directing Defendants Caitlin Conlon, Stephen P. Conlon and Laura Miele as natural guardian for the minor child M.A.C. to interplead their rights to such sum;

c.     Prohibiting the Defendants from instituting any action against GLIC to recover such sum;

      d.      Discharging GLIC from all liability to each arising out of matters herein set forth upon payment of the Policy proceeds, together with applicable interest, if any, into the Court's registry; and

      e.      Awarding to GLIC its costs and attorney's fees associated with this action from the funds it seeks to interplead.

DATED: February 11, 2021

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
100 N. Tampa St., Suite 3600
Tampa, FL 33602
Tel: 813-221-7206
Fax: 813-289-6530
Russell.Buhite@ogletree.com
Kathleen.Massing@ogletree.com


*/s/ Kathleen Massing*
Russell S. Buhite
Florida Bar No. 0831085
Kathleen Massing
Florida Bar No. 0722219

*Attorneys for Genworth Life Insurance Company*

45992360.1