UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No: 21-cv-20518-BLOOM/Otazo-Reyes

GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY,

    Plaintiff

vs.

CAITLIN CONLON, STEPHEN P. CONLON,
and LAURA MIELE,

    Defendants.
_____/

### DEFENDANT'S, MR. STEPHEN CONLON, CORRECTED[1] VERIFIED MOTION TO QUASH SERVICE OF PROCESS, WAIVER OF SERVICE AND REQUEST FOR RELIEF

    The Defendant, Mr. Stephen Conlon ("Mr. Conlon"), files this Motion to Quash Service of Process, Waiver of Service, and Request for Relief, pursuant to Federal Rules of Civil Procedure 4(e) and 12(b)(5) [D.E. 5], and states:

    1.    Genworth filed its Interpleader Complaint on February 5, 2021. [D.E. 1]. It then filed its Amended Complaint on February 11, 2021. [D.E. 5].

    2.    During the intervening days, on February 8, 2021, Genworth issued summonses to the several defendants, including Mr. Conlon. [D.E. 3]. Genworth filed a Return of Service indicating that it effected "substitute service" on an individual named, "Josh" at 247 Winthrop Street, Hallowell, ME 04347. [D.E. 8]. In his affidavit, the process server incorrectly identified Josh as a co-resident of Mr. Conlon.

---

[1] On April 6, 2021, Mr. Conlon inadvertently filed the wrong version of this Motion that lacked his signature. [D.E. 16]. Genworth, after filing its Motion for Clarification [D.E. 19] and ensuing conferral, brought this ministerial defect to the attention of Mr. Conlon's who files this corrected version in order to cure the defect.

3. Mr. Conlon has not resided at the address reflected on the Return of Service for a period exceeding one year. Mr. Conlon resided in Pennsylvania at 7736 Burholme Avenue, Philadelphia, PA 19111 from January 25, 2020 until February 2021. Mr. Conlon then moved to 7320 Crabgrass, Rd., St. Cloud, Florida, 34773 where he lived at the time of Genworth's attempted substitute service, and lives into the present.

4. On March 30, 2021, this Court entered an Order on Default procedures requiring Mr. Conlon to respond to Genworth's Interpleader Complaint by April 6, 2021. [D.E. 11]. This Court relied on Genworth's Return of Service in entering its order. Genworth emailed the March 30 order to Mr. Conlon at which time he became aware of his involvement and need to respond. The undersigned law firm was later retained by Mr. Conlon on April 2, 2021.

5. Mr. Conlon respectfully requests that Genworth's service on him be quashed, as service on him was improper and ineffective under the Federal Rules of Civil Procedure, Florida law, Pennsylvania law, and Maine law. Mr. Conlon further requests that the court provide him relief from its March 30, 2021 order.

6. In order to preserve judicial economy and in light of Mr. Conlon's shared representation, Mr. Conlon requests that he be permitted to join in Ms. Conlon's waiver of service and that the time for him respond to Genworth's Interpleader Complaint be enlarged such that he and Ms. Conlon share the May 21, 2021 deadline to respond to Genworth's Complaint.

7. This Motion is not being filed for the purpose of delay.

## MEMORANDUM OF LAW

A Rule 12(b)(5) motion challenging sufficiency of service " 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.' " *Binns v. City of Marietta Housing Authority*, 2007 WL 2746695, at *2 (N.D.Ga.

September 18, 2007) (citation omitted); *see also Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D.Ga.1997) ("The party challenging the sufficiency of the service bears the burden of showing it was improper.") (citation omitted). *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, (N.D. Ga. 2013).

"Under Rule 4(e), an individual may be served: (1) in accordance with state law for the state in which the federal court sits; (2) by delivering a copy of the summons and complaint to the individual personally; (3) by leaving a copy of the summons and complaint at the individual's usual place of abode with someone of suitable age and discretion who resides there; or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process." *Baker v. Warner/Chappell Music, Inc.*, 2014 WL 4426169, Case No: 14-cv-22403-GOODMAN (Filed Sept. 9, 2014). "The term 'usual place of abode' means the place where the defendant is actually living at the time of service.' *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So.2d 952, 954 (Fla.2001). The word 'abode' means 'one's fixed place of residence for the time being when service is made.' *State ex rel. Merritt v. Heffernan*, 142 Fla. 496, 195 So. 145, 147 (1940). 'Therefore, if a person has more than one residence, that person must be served at the residence in which he is actually living at the time service is made. *Id.*'" *Robles-Martinez v. Diaz. Reus, & Targ, LLP*, 88 So. 3d 177, 182 (Fla. 3d DCA 2011). A return of service must attest to the information required by statute "includ[ing] a defendant's usual place of abode." *Friedman v. Schiano*, 777 Fed. Appx. 324, 331, Case No: 18-10742 (11th Cir. 2019).

## ARGUMENT

Genworth served Mr. Conlon as an individual located within a judicial district of the United States under Federal Rule of Civil Procedure 4(e). That provision required Genworth to leave with Mr. Conlon, or another qualifying individual, a copy of the summons and complaint at Mr.

Case No. 2-20 -cv-14212

Conlon's usual place of abode. Mr. Conlon's usual place of abode at the time of service was 7736 Burholme Avenue, Philadelphia, PA 19111. But Genworth served an individual named Josh at an address in Maine. Genworth's return of service is inaccurate and incorrect. Genworth failed to properly serve Mr. Conlon in accordance with Federal, Florida, Pennsylvania, or Maine law.

## CONCLUSION

Mr. Conlon requests this Court quash the faulty March 8, 2021 service, accept Mr. Conlon's joinder in Caitlin Conlon's waiver of service, and enlarge his period to respond to the Genworth interpleader to May 21, 2021.

**WHEREFORE,** the Defendant, Mr. Conlon, respectfully requests this Court quash the faulty March 8, 2021 service, accept Mr. Conlon's joinder in Caitlin Conlon's waiver of service, and enlarge his period to respond to the Genworth interpleader to May 21, 2021.

## VERIFICATION

**I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON 6TH DAY OF APRIL 2021.**

_____
**MR. STEPHEN PATRICK CONLON**

**CERTIFICATE OF CONFERRAL**

Counsel for Genworth and Mr. Conlon conferred on the enlargement of Mr. Conlon's period of time to respond and on the insufficiency of service of process on April 2, 2021, April 4, 2021, and April 5, 2021 but were unable to reach an agreement.

Date: April 13, 2021

Respectfully submitted,

**ANTHONY S. HEARN, PA**
One Biscayne Tower
2 Biscayne Boulevard
Suite 3400
Miami, Florida 33131
Telephone: (786) 627-4869
Facsimile: (888)503-0612
Email: ash@anthonyhearn.com
2d Email: assistant@anthonyhearn.com

By: */s/ Anthony S. Hearn*
Anthony S. Hearn, Esq.
Florida Bar No: 102302

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2021 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record on the Service List below.

*/s/ Anthony S. Hearn*
**Anthony S. Hearn, Esq.**
FBN: 102302

## SERVICE LIST

**Counsel for Plaintiff**

Russell Scott Buhite
Ogletree, Deakins, Nash, Smoak & Stewart PC
1201 Third Ave.
Suite 5150
Seattle, WA 98101
206-693-7052
Email: Russell.buhite@ogletree.com

Steffie Kathleen Massing
Ogletree, Deakins, Nash, Smoak & Stewart PC
100 North Tampa Street
Suite 3600
Tampa, Fl 33602
813 289-6530
Email: Kathleen.massing@ogletreedeakins.com